IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| RONALD ELZEY, | * |
| Petitioner, | * |
| v. | * CIVIL NO.: WDQ-12-1823 |
| | * CRIMINAL NO.: WDQ-09-0288 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Ronald Elzey pled guilty to racketeering conspiracy and was sentenced to 262 months imprisonment. Pending is Elzey's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. See Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motion will be denied.

I. Background[1]

Elzey was a member of the Pasadena Denver Lanes ("PDL"), a set of the Bloods gang. ECF No. 533 at 4. The PDL engaged in narcotics trafficking and other acts of racketeering. *Id.* Elzey personally sold crack cocaine and heroin, and the distribution of between 500 grams and 1.5 kilograms of crack cocaine and one kilogram of heroin through the conspiracy was foreseeable to him. *Id.* at 5. On May 26, 2009, the grand jury

---

[1] The facts are from Elzey's plea agreement.

indicted Elzey for (1) conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d),[2] and (2) conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. ECF No. 1.

On December 9, 2009, Elzey, represented by Marc G. Hall, Esquire, pled guilty to conspiracy to participate in a racketeering enterprise.[3] See ECF No. 531. The plea agreement stipulated an offense level of 33, after reductions for acceptance of responsibility. ECF No. 533 at 6. It also stated that there was no agreement about Elzey's criminal history, and "his criminal history could alter his offense level if he is a career offender." Id. at 6. Elzey waived his right to appeal his sentence unless his imprisonment exceeded offense level 33. Id. at 7.

Elzey stated under oath that Hall had not done anything he had told him not to or refused to do anything that he had told him to do. ECF No. 735 at 9:7-12. He also swore that he had read the plea agreement, discussed it with Hall, and understood it. Id. at 11:6-9. No one had made him a promise or prediction

---

[2] The alleged predicate offenses of Elzey and his numerous codefendants were murder, robbery, and narcotics trafficking.

[3] Elzey also pled guilty to possession of a firearm by a convicted felon in Crim. No. WDQ-09-0607 at the same time. See ECF No. 533.

about the sentence other than in the plea agreement. *Id.* at 11:19-22.

A Presentence Report ("PSR") was prepared, which found that Elzey had three prior adult convictions: attempted robbery on July 9, 1998, resisting arrest on January 20, 2004, and malicious destruction of property on December 12, 2007. PSR at 7-9. The PSR advised that, based on the attempted robbery and resisting arrest convictions, Elzey was a career offender under U.S.S.G. § 4B1.1. On February 23, 2010, Hall filed a sentencing memorandum disputing that the resisting arrest conviction was a predicate offense. ECF No. 607.

On March 2, 2010, the Court held the sentencing hearing. ECF No. 624. Hall orally argued that the resisting arrest conviction should not be considered a career offender predicate offense. ECF No. 726 at 8:6-10-17. The Court disagreed, found that Elzey was a career offender, and sentenced him to 262 months imprisonment.[4] *See id.* at 15:22, 16:24; ECF No. 978.

That day, Elzey appealed his sentence. ECF No. 622. The Fourth Circuit rejected his argument that the resisting arrest conviction should not have been considered a predicate offense, holding that his argument was foreclosed by *United States v.*

---

[4] A concurrent term of 120 months was imposed for the firearm charge. Crim. No. WDQ-09-0607, ECF No. 12.

*Jenkins*, 631 F.3d 680 (4th Cir. 2011). *United States v. Elzey*, 445 F. App'x 674, 675 (4th Cir. 2011).

On June 17, 2012,[5] Elzey moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1130. On October 3, 2012, the government opposed the motion. ECF No. 1154. On November 5, 2012, and February 1, 2013, Elzey submitted additional support for his motion. ECF Nos. 1169, 1192.

II. Analysis

    A. Elzey's Motion

Although unclear, it appears that Elzey asserts two grounds for relief: (1) Hall provided ineffective assistance of counsel by failing to apprise him of the possibility of his career offender status and was unprepared to argue the resisting arrest conviction at sentencing, and (2) the Court improperly determined him to be a career offender. *See* ECF No. 1130, 1130-2.

        1. Ineffective Assistance of Counsel

            a. Legal Standard

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Elzey must show: (1) counsel's

---

[5] This is the date Elzey signed his motion. *See* ECF No. 1095 at 3.

4

performance was deficient and (2) the deficiency prejudiced his defense. *Id.* at 687. To show deficient performance, Elzey must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 688.

To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a defendant pled guilty, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012) (reiterating *Hill* standard). If a defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

b. Elzey's Claims

Elzey claims that Hall was ineffective because Hall indicated that Elzey would not be subject to the career offender provisions, and was unprepared to argue that the resisting arrest conviction was not a predicate offense. ECF No. 1130-2.

5

Elzey's second claim is contradicted by the record. Elzey's sentencing memorandum attacked the resisting arrest conviction as a basis for the career offender status, and at sentencing Hall strongly contested its application. See ECF No. 736 at 8:6-10:17. There is no support for Elzey's assertion that Hall was unprepared.

As to Elzey's first claim, the government asserts that his guilty plea was knowing and voluntary. See ECF No. 1154 at 7. At rearraignment, Elzey swore that he had read the plea agreement, discussed it with Hall, and understood it. ECF No. 735 at 11:6-9. The plea agreement stated that there was no agreement about Elzey's criminal history or whether he was a career offender, which could result in an offense level greater than the agreed 33. ECF No. 533 at 6. Elzey also swore that no one had made any promises or predictions about the sentence that would be imposed, other than what was in the plea agreement. ECF No. 735 at 11:19-22. Accordingly, the record rebuts Elzey's assertion that Hall incorrectly predicted that he would not be found a career offender.[6]

---

[6] See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)).

Further, Elzey has not asserted that he would have gone to trial if Hall had not allegedly erred in his assessment of the resisting arrest conviction. Rather, he continues to attack his career offender status, which the Fourth Circuit has affirmed. *See* ECF No. 1130-2 at 6-8; *Elzey*, 445 F. App'x at 675. He has not shown that a reasonable probability that he would not have pled guilty as required by *Hill*.[7] *See Hill*, 474 U.S. at 59. Accordingly, Elzey has not shown ineffective assistance of counsel.

    2.   Court's Determination of Career Offender

Elzey asserts that the Court improperly found him to be a career offender. *See* ECF No. 1130 at 5. The government asserts that the career offender finding may not be collaterally attacked. ECF No. 1154 at 8.

Generally, misapplication of the sentencing guidelines may be challenged in a § 2255 motion only for a miscarriage of justice. *See United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). Here, the Fourth Circuit has already directly addressed Elzey's claim. *See Elzey*, 445 F. App'x at 675. He

---

[7] Elzey relies on *Glover v. United States*, 531 U.S. 198 (2001), for the proposition that he was prejudiced by Hall's errors. ECF No. 119-2 at 6. *Glover* held that when counsel's errors lead to an increase in sentence, a petitioner has shown prejudice. *Id.* at 203-04. Here no error by Hall resulted in an increased sentence. The record shows that Hall contested application of the career offender guideline, and Elzey presented--and lost-- this argument on appeal. *See* ECF No. 736 at 8:6-10:17; *Elzey*, 445 F. App'x at 675.

7

has not shown a miscarriage of justice or other entitlement to relief.[8]

B. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Elzey has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

---

[8] See also *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (barring relitigation of claims on collateral attack); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (same).

III. Conclusion

For the reasons stated above, Elzey's motion to vacate, set aside, or correct sentence will be denied.

_5/13/13_
Date

_____
William D. Quarles, Jr.
United States District Judge